**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| GEORGE K. PRAGOVICH, | ) |
|       Petitioner | ) ) |
|   v. | ) Case No. 2:08-MC-33 |
| INTERNAL REVENUE SERVICE, JOSEPH CONROY, SAM ANDERSON, | ) ) ) |
|       Respondents | ) |

OPINION AND ORDER

This matter is before the court on the Petition to Quash Third Party Summonses [DE 1] filed by the petitioner, George Pragovich, on April 18, 2008. For the reasons set forth below, the motion is **DENIED**.

Background

The petitioner, George Pragovich, proceeding pro se, seeks an order quashing the summons issued by the IRS to James Gorman. The summons was issued as part of an investigation of Pragovich to determine whether he could be assessed tax liability for his promotion and sales of services and materials assisting customers in filing frivolous lawsuits to impede tax law administration. Gorman, the third party recipient of the summons, filed one such lawsuit in the District of Columbia. The respondents seek to establish to what extent, if any, Pragovich facilitated or assisted Gorman in bringing his frivolous suit or otherwise impeded tax law administration.

Discussion

The respondents argue that the issuance of the summons meets the good faith requirements of ***U.S. v. Powell***, 379 U.S. 48, 85

S.Ct. 248, 13 L.Ed.2d 112 (1964), which are "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *Powell*, 379 U.S. at 57-58. *See generally* *Khan v. U.S.*, ___ F.3d ___, 2008 WL 4936861 (7th Cir. Nov. 12, 2008) (applying *Powell* elements). Respondents have made a prima facie showing of these elements: (1) the investigation of Pragovich relates to whether he has assisted his customers in filing frivolous lawsuits in order to impede tax law administration; (2) the inquiry of James Gorman is relevant to that purpose because he filed a frivolous lawsuit; (3) the IRS does not already have the information sought; and (4) the proper administrative steps have been followed.

Since the respondents have made a prima facie showing, the burden shifts to Pragovich to show an abuse of the court's process. *Powell*, 379 U.S. at 58; *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997).

Pragovich contends that the summons was issued for the improper purpose of chilling his First Amendment rights. However, the First Amendment does not protect false commercial speech. *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *U.S. v. Kaun*, 827 F.2d 1144, 1152 (7th Cir. 1987). Such unprotected false speech includes that which is

misleading, fraudulent, or related to illegal activity. ***Posadas de Puerto Rico Ass'n v. Tourism Co. of Puerto Rico***, 478 U.S. 328, 340, 106 S.Ct. 2968, 92 L.Ed.2d 266 (1986). Such speech, including erroneous and frivolous arguments about tax law, that occurs in connection with a commercial interest is unprotected false commercial speech. *See* ***U.S. v. Raymond***, 228 F.3d 804, 815 (7th Cir. 2000)(enjoining the advertising, marketing or selling documents providing false income tax advice as "the dissemination of false or misleading commercial speech"). Therefore, Pragovich has not met the burden, and his petition to quash the summons is DENIED.

_____

For the foregoing reasons, the Petition to Quash Third Party Summons [DE 1] filed by the petitioner, George Pragovich, on April 18, 2008, is **DENIED**. The Clerk is directed to **CLOSE** this case.

ENTERED this 16th day of December, 2008

s/ Andrew P. Rodovich
United States Magistrate Judge