```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

GEORGE K. PRAGOVICH,          )
                              )
Petitioner,                   )
                              )
vs.                           )     CAUSE NO. 2:08-MC-33
                              )
INTERNAL REVENUE              )
SERVICE, et. al.,             )
                              )
Respondents.                  )

## ORDER

This matter is before the Court on the United States' Motion for District Judge to Approve and Adopt Magistrate Judge's Order of December 16, 2008 (DE #10). For the reasons set forth below, the Motion is **GRANTED**. The Court **ADOPTS** Magistrate Rodovich's Opinion and Order which this Court has construed as a Report and Recommendation (DE #9). Pragovich's Petition to Quash Third Party Summonses (DE #1) is hereby **DENIED**.

BACKGROUND

*Pro se* Petitioner, George K. Pragovich ("Pragovich"), filed a Petition to Quash Third Party Summonses on April 18, 2008 (DE #1), arguing that a summons issued to James Gorman was for the improper purpose of chilling Pragovich's First Amendment rights. The United States responded on July 17, 2008 (DE #7), and asserts that the summons was issued as part of an investigation of Pragovich to

determine whether he could be assessed tax liability for assisting customers in filing frivolous lawsuits for the purpose of impeding tax law administration. On December 16, 2008, United States Magistrate Judge Andrew P. Rodovich issued an Opinion and Order denying the Petition to Quash Third Party Summonses (DE #9). On December 19, 2008, the United States filed the instant motion asking this Court to approve and adopt Magistrate Rodovich's findings (DE #10). This Court took the United States' motion under advisement and ordered Pragovich to file any written objections to Magistrate Rodovich's findings within ten (10) days after being served with a copy of the order (DE #11). On January 12, 2009, Pragovich filed his Objection to Findings and Recommendations (DE #12), and the United States filed a Response to said objections on January 15, 2009 (DE #13). Finally, Pragovich filed a Reply on January 27, 2009 (DE #14).

DISCUSSION

In his Objection, Pragovich generally (and repetitiously) claims that United States has not raised any issues "even tangentially" related to the material matter of the language in 26 U.S.C. § 6700 under which he is being investigated. He asserts that the allegations against him are "merely" that he has assisted as many as 193 people in filing lawsuits, and that the documents sought by the IRS are "irrelevant." However, the United States has

presented the declaration of Joseph Conroy ("Conroy"), a Revenue Agent employed in the Small Business/Self-Employed Section of the Internal Revenue Service ("IRS"). (DE #7-2.) Conroy declares that the IRS is investigating Pragovich, doing business as the National Justice Center, pursuant to 26 U.S.C. §§ 6700 and 6701 in connection with the organization, promotion, and sale of services and materials which assist customers in the filing of frivolous tax-related lawsuits. (*Id.* ¶ 3.) The lawsuits being investigated have been used to make tax-protester type arguments. (*Id.* ¶ 4.) Conroy further states that the IRS has uncovered evidence from other customers linking Pragovich to such activity through invoices and statements. (*Id.* ¶ 3.) For example, an invoice has been uncovered that indicates the cost of Pragovich's services is $5,000 per lawsuit plus $250 per hour for other miscellaneous work, despite the fact that Pragovich is not an attorney. (*Id.*) Conroy states that the summons issued in this case requests documents that may be relevant to helping the IRS determine the extent to which Pragovich was involved in helping the recipient file frivolous lawsuits designed to impede tax-law administration. (*Id.* at ¶ 11.)

The Government "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Powell*, 379 U.S. at 57 (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)). Furthermore, the Seventh Circuit has held that:

> Under § 6700 any 'plan or arrangement' having some connection to taxes can serve as a 'tax shelter' and will be an 'abusive' tax shelter if the defendant makes the requisite false or fraudulent statements concerning the tax benefits of participation. *See* 26 U.S.C. § 6700(a)(1)(A); *Kaun*, 827 F.2d at 1147. In *United States v. Kaun*, we held that the definition of a tax shelter in § 6700 is '**clearly broad enough to include a tax protester group**.' *Kaun*, 827 F.2d at 1148. In that case, we concluded that the Wisconsin Society for Educated Citizens ("WSEC"), an organization whose primary purpose was to incite members to evade the tax laws by engaging in a variety of activity disruptive to the IRS including the filing of false or fraudulent returns, was a plan or arrangement that operated as an abusive tax shelter as defined by § 6700. *Id.* at 1149.

*United States v. Raymond*, 228 F.3d 804, 811 (7th Cir. 2000)(emphasis added). Pragovich's general assertions that the United States has not adequately alleged his activities are related to the specific provisions for which he is being investigated are without merit. Pragovich misunderstands the Government's burden at this stage, which is only slight; the IRS had broad authority to issue summonses under 26 U.S.C. § 7602. *See United States v. Kis*, 658 F.2d 526 (7th Cir. 1981). Pragovich's objection does nothing to dispute Magistrate Rodovich's finding that the United States has met its burden of establishing the *prima facie* case necessary for enforcement set forth in *United States v. Powell*, 379 U.S. 48 (1964).

Pragovich continues his argument by stating that "filing a lawsuit based on IRS misconduct" is not an activity found within the IRS Internal Revenue Manual ("IRM") which provides a "Process Guide for Combating Abusive Tax Avoidance." The Court notes that this objection is without merit for the same reasons described above. Furthermore, in the numerous pages of the "Guide" that Pragovich quotes, the Abusive Tax Avoidance Transactions are described as those that "include, *but are not limited to*, programs that rely on . . . ." (DE #12 p. 6) (emphasis added; nonexclusive list of programs omitted).

Next, Pragovich argues that the IRS has failed to comply with the IRM regarding investigation procedures, and, therefore, the IRS investigation has no legitimate purpose under the "good faith" requirement described in *Powell*. The United States responds by stating that the IRM does not confer any rights on the taxpayer and is only intended to govern the internal administration of the IRS. In support of its argument, the Unites States cites several relevant cases. As the United States correctly points out, "[n]oncompliance with the manual does not render an action of the IRS invalid." *Matter of Carlson*, 126 F.3d 915, 922 (7th Cir. 1997); *see also United States v. Caceres*, 440 U.S. 741, 749 (1979) (A court is not required to enforce an internal agency regulation unless such regulation is mandated by the Constitution or federal law.) Here, there is no indication that the initiation of the

investigation by the IRS and the issuance of the summonses violates the Constitution or federal law. Pragovich's objection is without merit.

Finally, Pragovich claims that the United States has succeeded in obtaining dismissals of approximately twenty Petitions to Quash various other third party summonses, and, therefore, Conroy has already obtained the information sought by the instant summons. He argues that the *Powell* "not in possession" prong of the *prima facie* test has not been established. However, Pragovich has not argued, nor is it reasonable to infer, that the IRS has already received information relating specifically to the frivolous lawsuit filed by James Gorman, and the Court is satisfied that the IRS is not "in possession" of the specific documents and information sought by the instant summons.

In the Opinion and Order which this Court has construed as a report and recommendation, Magistrate Rodovich found that the United States made a *prima facie* showing of the elements required by *Powell*, 379 U.S. at 57-58. He held that: (1) the investigation of Pragovich relates to whether he has assisted his customers in filing frivolous lawsuits in order to impede tax law administration; (2) the inquiry of James Gorman is relevant to that purpose because he filed a frivolous lawsuit; (3) the IRS does not already have the information sought; and (4) the proper administrative steps have been followed. Magistrate Rodovich then

determined Pragovich's argument that the summons was issued in violation of his First Amendment rights was unpersuasive because the First Amendment does not protect false commercial speech. Magistrate Rodovich concluded that Pragovich had not met his burden of showing an abuse of the court's process, and the Petition was denied. Pragovich has provided no valid objections to refute Magistrate Rodovich's aforementioned conclusions.

CONCLUSION

Thus, for the reasons set forth above, the United States' Motion for District Judge to Approve and Adopt Magistrate Judge's Order of December 16, 2008 (DE #10) is **GRANTED**. The Court **ADOPTS** Magistrate Rodovich's Opinion and Order which this Court has construed as a Report and Recommendation (DE #9). Pragovich's Petition to Quash Third Party Summonses (DE #1) is hereby **DENIED**.

**DATED: January 30, 2009**           /s/RUDY LOZANO, Judge
                                      **United States District Court**